UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEFFREY D. HOUSE,                                   Case No. 15-cv-1308-pp

        Plaintiff,

v.

GERALD P. PTACEK, et al.,

        Defendants.

---

**ORDER GRANTING MOTIONS TO PROCEED *IN FORMA PAUPERIS* (DKT. NOS. 2, 5 AND 7), GRANTING MOTION TO FILE AMENDED COMPLAINT (DKT. NO. 6), AND DISMISSING AMENDED COMPLAINT (DKT. NO. 6-1)**

---

On November 3, 2015, the plaintiff (who is a former state inmate now on active community supervision, and who is proceeding without a lawyer) filed his original civil complaint. Dkt. No. 1. Along with the complaint, the plaintiff filed a motion asking the court to allow him to proceed with his case without paying the filing fee. Dkt. No. 2. Several days later, the plaintiff filed an amended complaint, along with an amended motion to proceed without paying the filing fee. Dkt. Nos. 4 and 5. Several days after that, the plaintiff filed a motion to amend his complaint, Dkt. No. 6, accompanied by the proposed amended complaint, Dkt. No. 6-1, along with another motion to proceed without paying the filing fee, Dkt. No. 7.

**I.    Motions to Proceed Without Paying the Filing Fee**

As an initial point, the court observes that the plaintiff has filed three motions asking the court to waive the filing fee—he files a new motion every

1

time he tries to amend his complaint. The plaintiff does not need to file a new motion to waive the filing fee each time he files an amended complaint; only one motion is necessary for the entire case.

In order to allow a plaintiff to proceed without paying the filing fee, the court must decide whether the plaintiff has the ability to pay the filing fee. 28 U.S.C. §1915(a). In his affidavit requesting to proceed without paying the filing fee, the plaintiff indicates that he is single and unemployed. Dkt. No. 7, at 1. The affidavit does not identify any dependents that he is responsible for supporting. Id. For the past year, he lists no income other than $735 of Social Security disability payments (but it is not clear to the court whether that amount represents a monthly payment or a yearly total; the court assumes it is monthly). Id. at 2. He lists no expenses other than $650 per month in rent. Id. He lists no assets other than a 1994 Mercury Marquis. Id. The court concludes from this information that the plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee. The court will grant the plaintiff's motions to waive the filing fee (Dkt. Nos. 2, 5 and 7).

## II. **Motion To Amend The Complaint**

Under Federal Rule of Civil Procedure 15(a), a plaintiff is allowed to amend his complaint once as a matter of course within 21 days after serving it or within 21 days after the defendant files an answer or motion to dismiss. In the case, the court has not yet ordered the marshals to serve any of the plaintiff's complaints on any of the defendants. Before a court requires the marshals to serve a complaint filed by a self-represented plaintiff, the court

2

first must "screen" that complaint, to make certain that it states a claim upon which relief may be granted. Because the court has not, until this order, screened the complaint, it has not required the marshal to serve the complaint, and therefore, it was not necessary for the plaintiff to seek the court's permission to amend his complaint. Nonetheless, the court has no reason to refuse to allow the plaintiff to amend his complaint, and thus, the court will grant the plaintiff's (unnecessary) motion. The second amended complaint will supersede all other complaints, will act as the operative complaint in the case, and is the complaint the court will screen.

### III. The Court Will Dismiss the Plaintiff's Second Amended Complaint, Because the Complaint Fails to State a Claim for Relief on Which Relief Can Be Granted.

A. Allegations In the Complaint

In the second amended complaint, the plaintiff alleges that his constitutional civil rights were violated when, in 1996, he was prosecuted in Racine County for violating Wis. Stat. §948.03(2)(a) (physical abuse of children), Racine County Case No. 1996CF00289. Dkt. No. 6-1, at 3.

The Wisconsin Circuit Court Access Program ("WCCAP") indicates that on August 28, 1996, a complaint was filed against the plaintiff in Racine County Circuit Court. State v. Jeffrey Dean House, Case No. 1996CF00829, available at wcca.wicourts.gov. There were two charges—second degree reckless homicide (Wis. Stat. §940.06) and child abuse—intentional/cause great harm (Wis. Stat. §948.03(2)(a). The plaintiff pled guilty to both charges on

3

January 27, 1997. He was sentenced on April 2, 1997. Neither of the convictions have been vacated or expunged.

The plaintiff has named as defendants the City of Racine, Racine County, the state trial court judge, the state prosecutor, and his court-appointed public defender. As damages, he seeks an apology from the defendants and money damages (because it appears that the plaintiff wrote down one damages number, and then wrote over it, the court cannot tell exactly how much he is seeking—it looks like either $2.5 or $3.5 million dollars).

According to the plaintiff, he was fifteen years old at the time of the prosecution, and he has an I.Q. of 64. Dkt. No. 6-1 at 4. He argues that he was manipulated into agreeing to plead guilty to the child abuse charge when he was not guilty of that offense. Id.

Specifically, the plaintiff alleges that the City of Racine appointed his defense attorney in the 1996 case, and therefore the City is liable for any civil rights violations he suffered at the hands of the defense attorney. He also alleges that the City employed the prosecutor (through the District Attorney's Office), and thus that the City was liable for any civil rights abuses he suffered as a result of the prosecutor's actions. He argues that the City employed the judge in his state case, and therefore that the City is liable for any civil rights abuses the judge committed. He alleges that the City paid the salaries of these three named defendants. Dkt. No. 6-1 at 3.

As to what those three individual defendants did, the plaintiff claims that the prosecutor (defendant Susan Harrison) knowingly brought a charge that

4

did not "constitute the offense that was represented in Criminal Complaint in 96-.cf-829." Id. He argues that this cased him pain, emotional distress, and an additional sentence of ten years. He argues that the charges constituted defamation (because he was not a child abuser), abuse of process, and malicious prosecution. Id.

The plaintiff alleges that the appointed defense attorney (defendant Mark Richards) waived his right to a competency hearing. He states that had he had that hearing, the court might have determined that he didn't have the capacity to accept a plea offer. He also argues that the offer he accepted exposed him to an additional term of ten years (because it included a plea, not just to the homicide charge, but to the child abuse charge), and that Richards was ineffective in allowing him to accept such an offer. Id. at 3.

The plaintiff asserts that the trial judge (defendant Ptacek) wrongfully convicted him of "an act that didn't match the facts in the criminal Complaint in 96-cf-829." Id. The court construes this argument as an argument that the judge should not have accepted the guilty plea to the child abuse charge under the circumstances. Id.

While the plaintiff names the County of Racine on page 1 of the amended complaint (Dkt. No. 6-1 at 2), he makes no mention of any alleged wrongdoing on behalf of the County.

The court construes the plaintiff's complaint as an attempt to plead the following claims under 42 U.S.C. §1983: (1) malicious prosecution and abuse of process against the City of Racine, the state trial court judge, and the state

5

prosecutor; and (2) ineffective assistance of counsel against his court-appointed public defender. For the reasons explained below, the court concludes that none of the plaintiff's claims can proceed.

B. <u>Standard for Determining Whether A Complaint States a Claim</u>

Section 1915(e)(2)(B)(2) requires a court to dismiss a case at any time if the court determines that it "fails to state a claim upon which relief may be granted." For this reason, district courts "screen" complaints filed by self-represented plaintiffs, to determine whether the complaint must be dismissed under this standard.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Hutchinson ex rel. Baker v. Spink</u>, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." <u>Lindell v. McCallum</u>, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff shall provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The plaintiff need not plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v.</u>

6

Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face."  Id. (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  The complaint allegations "must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Iqbal, 556 U.S. at 679.  Legal conclusions must be supported by factual allegations.  Id.  If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law.  Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond

7

du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court must give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

    C.    Analysis of Second Amended Complaint

        1.    *The judge and the prosecutor*

For several reasons, the plaintiff's §1983 claims against the state trial judge and the state prosecutor do not state claims upon which the court can grant relief. First, those defendants have absolute immunity from suit based on actions undertaken pursuant to their official duties in the plaintiff's criminal case. "A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011). Because the state trial judge had jurisdiction over the plaintiff during the plea and sentencing phases of the state criminal proceedings, the trial judge "ha[d] absolute immunity for his judicial actions." Id. The state prosecutor is likewise immune. "Absolute immunity shields a person acting . . . as a prosecutor [] from §1983 liability when performing her duties in the judicial process." Id. (citing Imbler v. Pachtman, 424 U.S. 409, 420–29, 96 S. Ct. 984 (1976) (discussing absolute immunity for state prosecutors from §1983 liability). Those duties include "the preparation and filing of . . . charging documents [such as an information and arrest warrants]." Kalina v. Fletcher, 522 U.S. 118, 128, 118 S. Ct. 502 (1997). The court cannot allow the plaintiff to proceed on his claims against the state trial judge and the state prosecutor,

8

therefore, because those defendants are immune from liability based on their official actions in the plaintiff's state court criminal case.

Even if the judge and the prosecutor did not have absolute immunity, a plaintiff cannot bring a constitutional action for malicious prosecution and abuse of process under §1983 unless the state does not provide a remedy for those claims. Newsome v. McCabe, 256 F.3d 747, 750 (7th Cir. 2001) ("the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution"); Adams v. Rotkvich, 325 F. App'x 450, 453 (7th Cir. 2009) ("abuse of process is not a free-standing constitutional tort if state law provides a remedy for abuse of process."). Wisconsin recognizes the tort of malicious prosecution under state law. See Strid v. Converse, 111 Wis.2d 418, 422-24, 331 N.W.2d 350, 353-54 (1983) (listing the six elements of a claim for malicious prosecution, which "apply to the unjustifiable institution of civil judicial proceedings as well as to the institution of criminal proceedings."). Wisconsin also recognizes the tort of abuse of process, which Wisconsin courts distinguish from malicious prosecution. Kohler Co. v. Kopietzki, No. 13-CV-1170, 2014 WL 7240138, at *1 (E.D. Wis. Dec. 19, 2014) (citing Brownsell v. Klawitter, 102 Wis.2d 108, 115 (1981)). Because Wisconsin state law provides remedies for both malicious prosecution and abuse of process, the plaintiff cannot plead either claim as a federal constitutional tort against the state trial judge or the state prosecutor.

9

### 2. *The appointed defense attorney*

The plaintiff's ineffective assistance of counsel claim against his court-appointed public defender fails because it is not cognizable under §1983. Even though the plaintiff's court-appointed public defender may have been employed by the state, a public defender is not subject to suit under §1983, because court-appointed defense attorneys do not "act[] under color of state law" when representing an indigent defendant in a state criminal proceeding. Polk Cnty. v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); see also Swift v. Swift, 556 F.App'x 509, 510–11 (7th Cir. 2014). Consequently, the plaintiff cannot bring an ineffective assistance of counsel against his public defender under §1983.[1]

---

[1] The court notes that in 2007, the plaintiff filed a petition for a writ of *habeas corpus* in the Eastern District of Wisconsin raising a claim of ineffective assistance of trial counsel. House v. State of Wisconsin, No. 2:07-CV-1123 (E.D. Wis.). In that petition, he made allegations against his public defender that are very similar to the ones he makes in the second amended complaint in this case. House, No. 2:07-CV-1123, Dkt. No. 1. Because the plaintiff did not name, in the *habeas* case, the warden of the institution where he was incarcerated as the respondent, the court dismissed the petition for lack of jurisdiction. Id., Dkt. Nos. 4-5. The plaintiff appears never to have re-filed that *habeas* petition against the warden. Even if the plaintiff's present claims could form the basis for a petition for a writ of *habeas corpus*, and even if this §1983 complaint could be converted into a *habeas* petition, the plaintiff could not obtain *habeas* because the petition would be barred by the one-year statute of limitations provided in 28 U.S.C. §2244(d)(1).

10

### 3. *The City of Racine*

The plaintiff's sole claims against the City of Racine lie in his allegation that the judge, the prosecutor and the defense attorney were employed by the City of Racine, that the City paid their salaries, and therefore that whatever civil rights violations they committed, the City is responsible for. The plaintiff cannot proceed on this claim for several reasons.

First, the plaintiff is incorrect that the three individual defendants were employed by, or being paid by, the City of Racine. The district attorney's office—where prosecutor Susan Harrison worked and was employed—is part of Racine *County*, not the City of Racine. The plaintiff was prosecuted in Racine *County* Circuit Court; Judge Ptacek was employed by Racine County. Attorney Richards was appointed by the Wisconsin *State* Public Defender. The City of Racine did not employ any of these individuals.

Second, the City of Racine is a municipality, not an individual. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the *individual* defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996) (emphasis added) (quoting Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994)). Section 1983 does not make government entities automatically liable for the acts of the people they employ. See, e.g., Warner v. City of Terre Haute, Ind., 30 F. Supp. 2d 1107, 1120 (S.D. Ind. 1998) (citations omitted). Only when a plaintiff alleges, and shows, that the government entity had an "express . . . policy, widespread custom, or deliberate act of a decision-

11

maker for [the government entity], which proximately caused [the plaintiff's] injury," does a plaintiff state a §1983 claim against a government entity. Davis v. Carter, 452 F.3d 686, 691 (7th Cir. 2006) (citing Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 690-91 (1978)). Because the plaintiff in this case has not sufficiently alleged any such policy, custom or deliberate act of a decision-maker, his complaint would not state a claim against the City of Racine, even if it had employed the three individual defendants.

Finally, as the court found in parts C(1) and C(2) above, the plaintiff has not stated recognizable claims against the three individual defendants. Because his claims against the City depend entirely upon his claims against the individual defendants, his claims against the City cannot proceed if he has no claims against the individual defendants—which the court has found that he does not.

4. *County of Racine*

Like the City of Racine, the County is a municipality, not an individual, and so in order to proceed against the County, the plaintiff must allege that the County had an "express . . . policy, widespread custom, or deliberate act of a decision-maker for [the government entity], which proximately caused [the plaintiff's] injury," does a plaintiff state a §1983 claim against a government entity. Davis v. Carter, 452 F.3d 686, 691 (7th Cir. 2006) (citing Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 690-91 (1978)). He has not done so.

Further, as the court noted above, the plaintiff does not mention the County anywhere in the body of his complaint, and does not make any

12

allegations about why he believes the County ought to be a defendant in his case. Thus, the court must dismiss the County as a defendant.

     5.    *The nature of the plaintiff's claims*

In addition to the issues discussed above, all of the plaintiff's §1983 claims are foreclosed by <u>Heck v. Humphrey,</u> 512 U.S. 477, 486–87, 114 S. Ct. 2364 (1994), which bars any suit under §1983 where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction," unless the conviction has already been invalidated. Court records available online for Case No. 1996CF000829 reflect that the plaintiff's conviction under Wis. Stat. §948.03(2)(a) has not been invalidated or expunged. See <u>State v. Jeffrey Dean House</u>, Case No. 1996CF00829, <u>available at</u> wcca.wicourts.gov (last visited Dec. 1, 2015).

The plaintiff's allegations clearly attack the validity of his conviction under Wis. Stat. 948.03(2)(a)—he claims that "a lack of mental competence factored into [his] conviction," that he did not intend to "cause bodily harm to the victim," that no physical evidence was ever introduced to suggest otherwise," and that he was incarcerated for a crime that he is "not guilty of nor should be punished for." Dkt. No. 6-1 at 3-4. <u>Heck</u> prohibits the plaintiff from using §1983 to plead claims against the state trial judge and the state prosecutor that attack the validity of his criminal conviction. For that additional reason, the plaintiff's claims against the City of Racine, the state trial judge, and the state prosecutor cannot proceed.

13

**IV. Conclusion**

For the reasons explained above, the court **ORDERS** that the plaintiff's motion for leave to file an amended complaint (Dkt. No. 6) is **GRANTED.**

The court further **ORDERS** that the plaintiff's motions to proceed *in forma pauperis* (Dkt. Nos. 2, 5 and 7) are **GRANTED**.

The court **DISMISSES** the County of Racine as a defendant.

The court **ORDERS** that the second amended complaint is **DISMISSED** under 28 U.S.C. §1915(e)(2) because it fails to state a claim on which relief can be granted.

Dated in Milwaukee, Wisconsin this 18th day of December, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge